IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thurmond R. Guess, Sr., <br>                 Plaintiff, <br> vs. <br><br> Richland County Treasurer; David Adams, as Treasurer, <br><br>                 Defendants. | Civil Action No. 3:18-cv-232-CMC <br><br> **OPINION AND ORDER** |

This matter is before the court on Plaintiff's Complaint alleging Defendants violated his Fifth and Fourteenth Amendment rights, as well as the Equal Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA"). ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues. On February 28, 2018, the Magistrate Judge issued a Report recommending that this matter be summarily dismissed without prejudice and without issuance and service of process. ECF No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on March 8, 2018. ECF No. 11.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Report recommends Plaintiff's claims regarding the 2012 and 2013 tax sales be barred by *res judicata*, specifically claim preclusion. ECF No. 8 at 5. In the alternative, the Report recommends the claims regarding the 2013 tax sale be dismissed because Plaintiff fails to allege he was deprived of due process or equal protection under the Fourteenth Amendment, was denied any type of credit by Defendants violative of the ECOA, or that Defendants converted his property without just compensation under the Fifth Amendment. *Id*. at 5-6.

Plaintiff's objections argue the claims regarding the 2012 and 2013 tax sales could not be filed together because they were "not ripe yet." ECF No. 11. He asserts he brought his first case which was dismissed without prejudice, then Defendants "did the same thing one year later that cause the new action to come upon this court." *Id.* Plaintiff also argues Defendants are not immune from monetary damages. Plaintiff objects to the *res judicata* bar, noting his previous action was dismissed without prejudice[1] "so they can be brought back." *Id.* at 2. Finally, Plaintiff argues Defendants violated the ECOA because they noted "the property was roads in a subdivision and that it was a lot of liability for the plaintiff." *Id.* At the end of his objections, Plaintiff requests the court allow him to amend his Complaint. *Id.*

---

[1] Only one of Plaintiff's claims in his previous case was dismissed without prejudice – the ECOA claim. *See* C/A No. 3:15-657, ECF No. 19. The remainder of Plaintiff's claims regarding the 2012 tax sale were dismissed with prejudice as summary judgment was granted to Defendants. *Id.* at ECF No. 36.

2

The court agrees with the Magistrate Judge that Plaintiff's claims alleging Fifth and Fourteenth Amendment violations relating to the 2012 tax sale are barred by *res judicata*. However, the previous claim alleging violation of the ECOA was dismissed without prejudice, as Plaintiff failed to allege facts to support such a claim. Therefore, there is no final judgment on the merits of the ECOA claim for purposes of *res judicata*. Defendants were granted summary judgment on the merits of the other claims regarding the 2012 tax sale, and they were dismissed with prejudice. *See* C/A No. 3:15-657, ECF Nos. 19, 36. Thus, with the exception of the ECOA claim, Plaintiff cannot amend his Complaint to allege claims regarding the 2012 tax sale.

As Plaintiff has requested leave to amend his Complaint, the court will allow him to file an Amended Complaint regarding the ECOA claim as to the 2012 tax sale and his claims as to the 2013 tax sale within 28 days of the filing date of this Order. Plaintiff is cautioned to address the points made in the Report regarding the deficiencies of the claims.

After *de novo* review of the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts and incorporates in part the Report and Recommendation by reference in this Order and dismisses the 2012 tax sale claims[2], except for the ECOA claim. The court declines to adopt the Report regarding the 2012 ECOA claim and the 2013 tax sale claims, and grants Plaintiff's request to amend his Complaint regarding such claims. Any such Amended Complaint must be filed within

---

[2] Those claims, alleging Fifth and Fourteenth Amendment violations, are dismissed with prejudice based upon *res judicata*.

3

28 days of the filing date of this Order. This matter is referred back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 20, 2018