IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thurmond R. Guess, Sr.,<br>              Plaintiff,<br>vs.<br><br>Richland County Treasurer; David Adams, as Treasurer,<br><br>              Defendants. | Civil Action No. 3:18-cv-232-CMC<br><br>**OPINION AND ORDER** |

Plaintiff brought this Amended Complaint alleging Defendants violated his Fifth and Fourteenth Amendment rights, as well as the Equal Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA"). ECF No. 15. This matter is before the court on Defendants' motion for summary judgment. ECF No. 39. Because Plaintiff is proceeding *pro se*, a *Roseboro* Order was sent advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 41. Plaintiff filed his response in opposition and a supplement to his response. ECF Nos. 44, 45.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues. On January 22, 2019, the Magistrate Judge issued a Report recommending summary judgment be granted. ECF No. 51. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on January 31, 2019. ECF No. 54. Defendants filed a reply on February 14, 2019. ECF No. 55.

## I. Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## II. Discussion

On Plaintiff's race discrimination claims, the Report recommends summary judgment as Plaintiff has failed to put forth any evidence Defendants discriminated against him based on his race. ECF No. 51 at 5. The Report also recommends summary judgment as to Plaintiff's Takings Clause claim, because Plaintiff has not shown he ever actually possessed a property interest and, if he did, he has not shown he attempted to obtain compensation for his property under state procedures. *Id.* at 7. Finally, the Report recommends summary judgment on Plaintiff's ECOA claim because the ECOA does not apply to Defendants. *Id.* at 9.

Plaintiff filed objections, arguing the District Court allowed Plaintiff to file his ECOA and 2013 claims, and that the Report "seem to overrule the District Judge Orders" (errors in original).[1]

---

[1] Plaintiff appears to be arguing this court's Order of March 20, 2018, allowing the 2012 ECOA claim and 2013 tax sale claims to survive summary dismissal, held these claims must succeed. *See* Footnote Continued . . .

ECF No. 54. He argues Defendants did not engage in discovery or produce any witnesses, and contends summary judgment should be denied "because defendants did not follow court or put up any defense to the Plaintiff case and Plaintiff has shows [*sic*] that there is genuine issue for trial," citing his Amended Complaint. *Id.* at 2. He notes "a Plaintiff may show evidence of discrimination through conduct or statements by the Defendants," but only points to the Amended Complaint and not any actual evidence supporting his claims. *Id.* He also notes he never requested a check or refund, but wanted his property. *Id.*

Defendants' reply notes Plaintiff's Objections make only one conclusory argument, lack citations to evidence in the record, and do not specifically challenge any recommendation made by the Magistrate Judge. ECF No. 55. They argue the Report "was clearly correct, that Plaintiff has failed to show otherwise, and that it should therefore be adopted in its entirety." *Id.* at 2.

The court agrees Plaintiff has failed to put forth sufficient evidence to survive summary judgment on his claims. While he cites his Amended Complaint and attached exhibit as evidence there is a "genuine issue for trial," a review of the materials submitted establishes only that Plaintiff had the high bid for the property and "want[ed] to keep it." ECF No. 15-1 at 4.

Contrary to the argument in his objections, Plaintiff has not demonstrated racial discrimination, as he has put forth no evidence, and nothing beyond conclusory statements in his

---

ECF Nos. 13 (Order allowing amendment of Complaint regarding 2012 ECOA and 2013 tax sale claims), 54 (Plaintiff's current objections, noting the Report "seem to overrule the District Court Orders."). However, the court's March Order merely allowed the claims to proceed past summary dismissal at that time. It expressed no opinion about the overall sufficiency of the claims or the evidence necessary to survive summary judgment, which is a much higher standard.

Amended Complaint, that he was discriminated against on the basis of his race. Defendants have submitted evidence that Shirley Tapp and David Adams did not "take any actions at all that were in any way motivated by racial concerns," and the persons involved in the tax sale "do not know nor [ ] require the race of bidders" during the tax sale or when the tax sale is cancelled.[2] ECF Nos. 39-2 at ¶ 5, 39-8 at ¶¶ 3-4.

Similarly, as to the Takings Clause claim, Plaintiff has failed to put forth evidence sufficient to survive summary judgment. It does not appear he ever actually owned the real property. Although he deposited funds for the winning bid, he admits he never received a deed. ECF Nos. 45 at 2, 15 at ¶ 7. To the extent winning the bid can show ownership of real property, the court agrees Plaintiff has failed to show he sought compensation through state procedures. In fact, Defendants have shown they were prepared to refund him the amount of his bid after the tax sale was cancelled. ECF No. 39-2 at ¶ 4. Plaintiff states Defendants "can pay him" for the property, but refused to produce the original bid receipt from the tax sale required to obtain the refund. ECF No. 54 at 2.

Plaintiff's ECOA claim fails because the ECOA does not apply to Defendants, as they are not creditors who "regularly extend, renew, or continue credit." 15 U.S.C. § 1691a(e). Further,

---

[2] Plaintiff appears to argue these affidavits were improper, as he contends Defendants failed to engage in discovery or produce any witnesses and filed these two affidavits after the discovery period expired. ECF No. 54 at 2. However, Plaintiff seems to misunderstand the discovery and summary judgment processes. Plaintiff produces no evidence he attempted to request discovery, either written or deposition, from Defendants. The affidavits are properly submitted with Defendants' summary judgment motion.

Plaintiff's claim is not one recognized under the ECOA, which protects against discrimination in loans and extending credit. Therefore, it is inapplicable to this case.

**III.     Conclusion**

After *de novo* review of the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the court adopts and incorporates the Report and Recommendation by reference in this Order. Summary Judgment for Defendants is appropriate on all claims. Defendants' motion for summary judgment is granted, and Plaintiff's claims are dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 21, 2019