IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thurmond R. Guess, Sr., <br> Plaintiff, <br> vs. <br> Richland County Treasurer; David Adams, as Treasurer, <br> Defendants. | Civil Action No. 3:18-cv-232-CMC <br><br> **OPINION AND ORDER** |

This matter is before the court on Plaintiff Thurmond R. Guess, Sr.'s *pro se* motion to reconsider the court's Order dismissing his case. ECF No. 61. Plaintiff also filed a motion for a hearing. ECF No. 60. The challenged judgment, entered February 21, 2019, was based on the Opinion and Order adopting the Report and Recommendation of the Magistrate Judge dismissing the action with prejudice. ECF Nos. 51 (Report), 57 (Opinion and Order), 58 (Judgment). Defendants filed a response in opposition (ECF No. 62) and Plaintiff filed a "memorandum in support" (ECF No. 63).

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used

sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Plaintiff's motion to alter or amend argues he "outline[d] witness and what they will testify" in an affidavit to the court, so he has set forth evidence to survive summary judgment. ECF No. 61. He states he has newly discovered evidence that William B. Boyle died on February 20, 2013, and therefore the Defendants were making false statements by "telling the court that they will send a dead person a tax bill." *Id.* at 1. Defendants' memorandum in opposition argues Plaintiff has not met the standard for a Rule 59(e) motion, and the motion for hearing is untimely. ECF No. 62. Plaintiff's "Memorandum in Support" argues he has newly discovered evidence regarding "Tapp and Adams lies, and lying to the lower court that the defaulting party was not served properly. And to the federal court and in discovery and that is the 'bomb shell' in this matter." ECF No. 63 at 1. Plaintiff attached copies of The State newspaper from November 29, 2012 and December 6, 2013, advertising a delinquent tax sale, interrogatories served and a deposition transcript from his previous case, and probate documents for the estate of William Boyle. ECF No. 63-1.

The court agrees Plaintiff does not meet the standard for a Rule 59(e) motion. Plaintiff states he has newly discovered evidence that the property owner, Mr. Boyle, died in 2013 and therefore Defendants' statements regarding sending him tax bills and attempting to reach him must be lies. However, this does not meet the standard for newly discovered evidence: Mr. Boyle passed away in 2013. Plaintiff had the opportunity to discover this information prior to the close of his

case, so it does not qualify as "newly discovered" as required by the legal standard for such a motion. Similarly, any statements by Defendants or related to the tax sales Plaintiff considers "lies" would also have been discoverable prior to the close of this case. Plaintiff simply does not meet the standard for this "extraordinary" remedy. In addition, a hearing in the case is untimely and the court will not hold a hearing on the Rule 59(e) motion.

Accordingly, Plaintiff's motion to reconsider (ECF No. 61) and motion for hearing (ECF No. 60) are **denied**.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 27, 2019